BARSHAY SANDERS, PLLC
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 109132

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELIZABETH DONO,<br><br>Plaintiff,<br><br>vs.<br><br>NORTHLAND GROUP, INC. and REGIONAL ADJUSTMENT BUREAU, INC.<br><br>Defendants. | Docket No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

ELIZABETH DONO (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against NORTHLAND GROUP, INC. ("*Northland*") and REGIONAL ADJUSTMENT BUREAU, INC. ("*RAB*") (collectively referred to as "*Defendants*"), as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA") and New York General Business Law ("NYGBL") § 349.

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

1

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendants conducted business within the State of New York.

## PARTIES

5. Plaintiff is an individual who is a citizen of the State of New York.

6. Plaintiff, a "consumer" as defined by 15 U.S.C. § 1692a(3), is allegedly obligated to pay certain debts.

7. On information and belief, Northland's principal place of business is located in Minneapolis, Minnesota.

8. On information and belief, RAB's principal place of business is located in Cordova, Tennessee.

9. Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10. Defendants are persons who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and is therefore a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

11. Plaintiff's alleged debts was primarily for personal, family or household purposes and are therefore "debts" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the debts, but before the initiation of this action, Plaintiff is alleged to have fallen behind on payments allegedly owed on the alleged debts.

13. At a time known only to Defendants, Plaintiff's alleged debt was assigned or otherwise transferred to Defendants for collection.

14. In its efforts to collect the alleged debts, Northland contacted Plaintiff by written letters dated June 11, 2014 and March 16, 2015. ("Exhibit 1.")

15. In its efforts to collect the alleged debts, RAB contacted Plaintiff by written letter dated July 16, 2014. ("Exhibit 1.")

16. Defendants' letters to Plaintiff are "communications" as defined by 15 U.S.C. §

2

1692a(2).

17. As set forth in the following Counts, Defendants' communications violated the FDCPA and NYGBL.

### FIRST COUNT
### Violation of 15 U.S.C. § 1692f
### Disclosure of Plaintiff's Account Number
### As to Northland

18. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

19. 15 U.S.C. § 1692f provides a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

20. 15 U.S.C. § 1692f(8) limits the language and symbols that a debt collector may place on envelopes it sends to consumers.

21. 15 U.S.C. § 1692f(8) prohibits a debt collector from using any language or symbols on the envelope, other than the debt collector's address, when communicating with a consumer by mail, except that a debt collector may place its business name on the envelope if such name does not indicate that the debt collector is in the debt collection business.

22. 15 U.S.C. § 1692f(8)'s prohibition applies to language and symbols both on the envelope, and language and symbols visible through any glassine window of the envelope. *See, Douglass v. Convergent Outsourcing*, 765 F.3d 299 (3rd Cir 2014).

23. 15 U.S.C. § 1692f(8) prohibits a debt collector's disclosure of the debtor's account number on the envelope. *Id.*

24. 15 U.S.C. § 1692f(8) prohibits a debt collector's disclosure of the debtor's account number by making such visible through any glassine window of the envelope. *Id.*

25. Northland assigned Plaintiff account number XXXX3232.

26. Northland disclosed Plaintiff's account number in its mailing of the June 11, 2014 letter to Plaintiff by placing such on the envelope, or making such visible through the glassine window of the envelope.

27. Northland has violated § 1692f by disclosing Plaintiff's account number in its mailing to Plaintiff.

## SECOND COUNT
## Violation of 15 U.S.C. § 1692g
## Validation of Debts
## As to Northland

28. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

29. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

30. The written notice must contain the amount of the debt.

31. The written notice must contain the name of the creditor to whom the debt is owed.

32. The written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

33. The written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

34. The written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

35. A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

36. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

37. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

38. A collection activity or communication overshadows or contradicts the validation

notice if it would make the "least sophisticated consumer" uncertain or confused as to her rights.

39. Here, Northland's March 16, 2015 letter states, "For disputes, information requests, and general questions pertaining to the bill, please email us at accountinquiry@arm1.com."

40. Disputes need not be in writing. *Hooks v. Forman, Holt, Eliades & Ravin, LLC*, 717 F.3d 282 (2d Cir. 2013)

41. Disputes may be made orally.

42. Northland's letter would likely make the least sophisticated consumer believe her dispute must be sent in writing, via email.

43. Northland's conduct would likely make the least sophisticated consumer uncertain as to her rights.

44. Northland's conduct would likely make the least sophisticated consumer confused as to her rights.

45. Northland has violated § 1692g as the above-referenced language overshadows the information required to be provided by that Section.

### THIRD COUNT
### Violation of 15 U.S.C. § 1692e
### False or Misleading Representations
### As to Northland

46. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

47. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

48. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

49. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

50. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

51. Because the March 16, 2015 collection letter in the instant case was reasonably susceptible to an inaccurate reading, as described above, it is deceptive within the meaning of the FDCPA.

52. The least sophisticated consumer would likely be deceived by Northland's conduct.

53. The least sophisticated consumer would likely be deceived in a material way by Northland's conduct.

54. Northland has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

## FOURTH COUNT
### Violation of 15 U.S.C. § 1692f
### As to RAB

55. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

56. RAB assigned Plaintiff account number XXXX9306.

57. RAB disclosed Plaintiff's account number in its mailing of the July 16, 2014 letter to Plaintiff by placing such on the envelope, or making such visible through the glassine window of the envelope.

58. RAB has violated § 1692f by disclosing Plaintiff's account number in its mailing to Plaintiff.

## FIFTH COUNT
### Violation of 15 U.S.C. § 1692f
### As to RAB

59. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

60. 15 U.S.C. § 1692f provides a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

61. 15 U.S.C. § 1692f(8) limits the language and symbols that a debt collector may place on envelopes it sends to consumers.

62. 15 U.S.C. § 1692f(8) prohibits a debt collector from using any language or symbols on the envelope, other than the debt collector's address, when communicating with a consumer by mail, except that a debt collector may place its business name on the envelope if such name does not indicate that the debt collector is in the debt collection business.

63. 15 U.S.C. § 1692f(8)'s prohibition applies to language and symbols both on the envelope, and language and symbols visible through any glassine window of the envelope. *See,*

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

*Douglass v. Convergent Outsourcing,* 765 F.3d 299 (3rd Cir 2014).

64. RAB used language other than RAB's address and business name, on the envelope it sent to Plaintiff.

65. RAB has violated § 1692f by using language other than RAB's address and business name, on the envelope it sent to Plaintiff.

## SIXTH COUNT
### Violation of New York General Business Law § 349
### As to Northland and RAB

66. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

67. Defendants owed a duty to Plaintiff to effect its collection of Plaintiff's alleged debts with reasonable care.

68. Defendants' conduct as described herein shows a lack of exercise of reasonable care in Defendants' collection of the alleged debts.

69. Defendants breached its duty to collect Plaintiff's alleged debt with reasonable care.

70. Defendants' conduct was committed by Defendants in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NY GBL § 349(a).

71. Defendants' conduct was consumer-orientated in that the letter was sent in an effort to collect an alleged consumer debt.

72. Defendants' conduct has a broader impact on consumers at large as, upon information and belief, Defendants have sent the subject form letters to hundreds of consumers.

73. Plaintiff is a reasonable consumer.

74. Defendants' conduct would mislead a reasonable consumer.

75. Defendants engaged in a material deceptive act or practice as described herein.

76. Defendants' conduct caused plaintiff to suffer injury.

77. Defendants violated NY GBL § 349(a) and are liable to Plaintiff pursuant to NY GBL § 349(h).

## JURY DEMAND

78. Plaintiff hereby demands a trial of this action by jury.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a. Statutory damages of $1,000.00 against Northland pursuant to 15 U.S.C. § 1692k; and statutory damages of $1,000.00 against RAB pursuant to 15 U.S.C. § 1692k

b. Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

c. Damages against Defendants pursuant to NYGBL § 349; and

d. Plaintiff's actual damages; and

e. Plaintiff's costs; all together with

f. Such other relief that the Court determines is just and proper.

DATED: June 7, 2015

                            **BARSHAY SANDERS, PLLC**

                            By: /s/ Craig B. Sanders
                            BARSHAY SANDERS, PLLC
                            100 Garden City Plaza, Suite 500
                            Garden City, New York 11530
                            Tel: (516) 203-7600
                            Fax: (516) 706-5055
                            csanders@barshaysanders.com
                            *Attorneys for Plaintiff*
                            Our File No.: 109132

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

# EXHIBIT 1

 **Northland Group Inc.**

P.O. Box 390846
Minneapolis, MN 55439
Mail Code VRW2

866-611-5424
For Hours of Operation, please visit us at:
www.payments2northland.com

June 11, 2014

### ACCOUNT INFORMATION

Client: Verizon Wireless
Original Account #: **************
Principal Balance: $1,434.89
Verizon Collection Fee: $258.28
Total Balance: $1,693.17

Elizabeth Dono ▮▮▮ 3232-06/11x245)
319 Amsterdam Ave
Babylon, NY  11704-4945

### NORTHLAND ACCOUNT NUMBER

▮▮▮3232



**Past due account balance: $1,693.17**

Dear Elizabeth Dono,

The above referenced Verizon Wireless account has been assigned to Northland Group, Inc. for collection. Verizon Wireless is aware of today's economic climate and the challenges you may be facing. We pride ourselves on being a problem solving leader in this industry and we are confident we can find a resolution to this matter that is mutually agreeable for all parties involved. This may even include a possible settlement for less than the balance owed. Many times, settlement opportunities can carry a multi-payment option as well. Please contact us to resolve the above referenced account and know that we are always interested in hearing any repayment suggestions that you feel are fair and affordable. This offer does not affect your rights set forth below.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

 Pay Online: www.payments2northland.com

 Pay by Phone: Please call Northland Group, Inc. at 866-611-5424.
We offer check by phone, Western Union, and credit card.

 Pay by Mail: Send payments to PO Box 390846, Minneapolis, MN 55439.

This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose. This communication is sent to you by Northland Group, Inc., a debt collector and a member of ACA International. This collection agency is licensed by the Minnesota Department of Commerce. This collection agency's New York City Department of Consumer Affairs License number is 1283580.

M245-245 P2312_02/0612_3

P.O. BOX 129
THOROFARE, NJ 08086-0129



March 16, 2015

| Northland Reference #: | 0341 |
|---|---|
| Creditor: | PREMIER BANKCARD, INC. |
| Creditor Account #: | 0904 |
| Account Balance: | $977.69 |

Elizabeth J Dono
319 AMSTERDAM AVE
BABYLON, NY 11704-4945

Dear Elizabeth J Dono:

The above referenced client has assigned your account to our office for collections. Our Customer Service Agents are available to assist you in handling this matter and can be reached at 866-932-6804.

On-line assistance is also available!
- For payments, visit www.arm1payments.com or call our automated line at 1-866-932-6758.
- For disputes, information requests, and general questions pertaining to the bill, please email us at accountinquiry@arm1.com.
- For consumer complaints, concerns and needs, please visit www.arm1ca.com or call us at 1-866-606-5390.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will request verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

**New York City Residents:**
New York City Department of Consumer Affairs License Numbers 2014814 and 2014918.

Please contact Jack West at 1-800-220-3350. If Mr. West is not available, another representative will answer your call and help you.

This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose.
This communication is sent to you by Northland Group, Inc., a debt collector and a member of ACA International.

---

▲ Please Detach And Return In The Enclosed Envelope With Your Payment ▲

Elizabeth J Dono
319 AMSTERDAM AVE
BABYLON, NY 11704-4945

| Northland Reference #: | 0341 |
|---|---|
| Creditor: | PREMIER BANKCARD, INC. |
| Creditor Account #: | 0904 |
| Account Balance: | $977.69 |
| Enclosed Amount: | |

Pay Online at www.arm1payments.com

**IF PAYING BY CREDIT CARD, PLEASE FILL OUT BELOW**

☐ VISA
☐ MasterCard
☐ [Discover]

| CARD HOLDER NAME | |
|---|---|
| CARD NUMBER | EXP. DATE |
| SIGNATURE | |
| AMOUNT | CVV/CID (3-Digit Verification Code on Back of Card) |

Northland Group, Inc.
P.O. BOX 129
THOROFARE, NJ 08086-0129

DEFJ
NORTHLAND WFD
501822 • 00000109

Si usted prefiere un representante español, llame al **(866) 902-6876**

ONRABI01
PO Box 1022
Wixom MI 48393-1022

# RAB INC
**regional adjustment bureau**
*A Total Receivable Management Company*

Toll Free
**(800)-829-7750**

Local Residents
**(901) 388-7750**

| Date | RAB # | Balance |
|---|---|---|
| 7/16/2014 | ███9306 | $498.65 |

**MAIL ALL CORRESPONDENCE TO:**

CCSI
P O Box 34119
Memphis TN 38184

███9306/301/81   ███8391

ELIZABETH DONO
319 Amsterdam Ave
West Babylon NY 11704-4945

| DEBIT CARD USING FOR PAYMENT | ☐ VISA | ☐ MASTERCARD |
|---|---|---|
| CARD NUMBER PLUS 3 DIGIT SECURITY CODE (on back of card) | | EXP. DATE / |
| CARDHOLDER NAME | CARDHOLDER SIGNATURE | AMOUNT $ |

*** Detach Upper Portion and Return with Payment make payable to Citibank***

**WESTERN UNION QUICK COLLECT**
**CHECK BY PHONE**
**IS ACCEPTED**

Client Name:      CITIBANK NA/CBNA Consumer Checking Plus
Balance:          $498.65
RAB #:            ███9306
Client Account #: XXX2807

Our client has placed your delinquent account with this office for collection in the amount of $498.65.

Secure online access to your account placed with RAB for collection is now available. Online account access will allow you to **view your balance, see your last payment amount and self-manage resolution of this debt.**

Use the link below to go to the secure login screen where you can enter your personalized username and password. If you have not yet created your username login ID and password, click the New User link located on the login page and enter the information required to create your online account. **Also, be sure to use your private access code provided here when managing your account. Your access code is:** ███3.457. **Your RAB # is:** ███9306

https://www.rabincweb.com/facsweb/weblogind.htm

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.
New York City Dept of Consumer Affairs Permit No. 0988585.
1ONRABI0181

**Regional Adjustment Bureau, Inc.** • 1900 Charles Bryan Rd, Suite 110 • PO Box 34119 • Memphis TN 38016
(800)-829-7750 • (901) 388-7750
*Office Hours: 8:00 AM – 9:00 PM Monday-Thursday, 8:00 AM – 6:00 PM Friday*